# IN THE COURT OF APPEALS OF IOWA

No. 20-0951
Filed September 23, 2020

**IN THE INTEREST OF E.C.,**
**Minor Child,**

**B.I., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant mother

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Lynn Vogan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

The mother first came to the attention of the Iowa Department of Human Services (DHS) in May 2018 when she gave birth to a child who tested positive for methamphetamine. The mother's parental rights to that child were terminated in January 2019. The mother gave birth to a second child, E.C., in mid-August 2019. E.C. also tested positive for methamphetamine at birth and was hospitalized for the ensuing six weeks due to health concerns. Upon the child's discharge in late September, the State sought and obtained an order for temporary removal of the child from the mother's care. In November, the child was adjudicated to be in need of assistance.

Throughout the proceedings, the mother failed to meaningfully engage in recommended substance-abuse treatment. In May 2020, the State filed its petition for termination of parental rights. At the time of the termination hearing in June, the mother answered in the negative when asked if the child could be returned to her care. The mother acknowledged her need for additional substance-abuse treatment but confirmed she was not currently receiving treatment. She also acknowledged her lack of follow through with treatment during the proceedings. She asked the court to give her "some time . . . to do what [she is] supposed to do" and requested an additional six months to work toward reunification. She had yet to progress beyond fully-supervised visits.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (g), and (h) (2020). The mother appeals, challenging the sufficiency of the evidence supporting the statutory grounds for termination

cited by the juvenile court and claiming termination is contrary to the child's best interests.

Our review is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

"[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(h), the mother only challenges the State's establishment of the final element—that the child could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to the custody of the child's parents at the present time); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Upon our de novo review of the record, we find the evidence clear and convincing that the child could not be returned to the mother at the time of the termination hearing.

We turn to the child's best interests. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother has simply not progressed to a point at which her child can be returned to her care. The mother inappropriately waited until the eve of termination to begin taking any steps to address her substance-abuse issues,

which is too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). We conclude the mother has been given ample time to get her affairs in order and this child's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))).

To the extent the mother requests additional time, given the mother's track record and lack of participation in services, we are unable to conclude "the need for removal . . . will no longer exist at the end of the additional six-month period." *See* Iowa Code § 232.104(2)(b).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**